**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

State of West Virginia,
Plaintiff Below, Respondent

vs.)  No. 22-0119 (Clay County CC-08-2015-F-22)

Bruce Edward Bird, Jr.,
Defendant Below, Petitioner

## MEMORANDUM DECISION

Petitioner Edward Bird, Jr. appeals the order of the Circuit Court of Clay County, entered on January 13, 2022, sentencing him to consecutive determinate sentences of fifty years each for his convictions of two counts of first-degree robbery in violation of West Virginia Code § 61-2-12(a). Mr. Bird's convictions are based on pleas he entered pursuant to an agreement with the State.[1] On appeal, Mr. Bird argues that his sentence is unconstitutional, and that he received ineffective assistance of counsel leading to the entry of his pleas. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision is appropriate. See W. Va. R. App. Proc. 21.

Mr. Bird was indicted in July 2015 on one count of robbery and one county of conspiracy to commit robbery. When he appeared for a pretrial hearing in November 2015, Mr. Bird's counsel advised the court that Mr. Bird had reached an agreement with the State under which he would plead guilty to the robbery count charged in the indictment, and he would plead "no contest" to an additional count of robbery charged in an information filed that day, after Mr. Bird waived indictment. In exchange for his agreement to plead, the State agreed that it would not prosecute Mr. Bird for conspiracy or for a third, uncharged felony that was based on the robbery of a gas station close in time to the robberies charged by indictment and information.

The circuit court allowed Mr. Bird to offer his plea at that hearing. The State explained that it would prove, concerning the first count, that Mr. Bird used a machete to threaten gas station employees and steal money from the gas station. It explained that, concerning the second count, it would prove that Mr. Bird used a knife to threaten a later victim from whom he stole narcotics. The State further asserted that Mr. Bird committed these robberies with a co-conspirator who had already offered testimony about the events. The circuit court engaged Mr. Bird in a thorough plea colloquy, and Mr. Bird assured the court that he understood the charges against him, was fully

---

[1] Mr. Bird was first sentenced for this conviction in January 2016. The order on appeal memorializes Mr. Bird's re-sentencing for purposes of appeal. Petitioner appears by counsel Jared S. Frame. The State appears by Attorney General Patrick Morrisey and Assistant Attorney General Courtney M. Plante.

aware of his rights, and was satisfied with his representation. The court accepted Mr. Bird's guilty plea to the robbery for which he was indicted and his nolo contendre plea, by way of information, to the additional robbery.

Mr. Bird appeared for his sentencing hearing the following January. At the hearing, Mr. Bird's counsel advised the court that he believed that Mr. Bird "had given an indication to another counsel" that he wished to withdraw his plea. The court asked Mr. Bird if he wanted the court to consider allowing him to withdraw his plea, and he responded, "I would rather just proceed with this and get it over with." The sentencing proceeded, with the State recommending that Mr. Bird be given consecutive sentences, but also recommending that the second term of imprisonment be suspended in favor of five years of supervised probation. The circuit court advised the parties that it had reviewed Mr. Bird's presentence investigation report and found that Mr. Bird had a "significant criminal history" and that the robberies elevated the seriousness of Mr. Bird's criminal endeavors. The court declined to accept the State's recommendation that the second sentence be suspended, and it sentenced Mr. Bird to an aggregate determinate term of one-hundred years, as described above.

Mr. Bird argues, first, that his sentence is unconstitutional because it is not proportionate to his offenses. It is settled that "[s]entences imposed by the trial court, if within statutory limits and if not based on some unpermissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). That guideline is tempered, however, by the Eight Amendment's "'proportionality principle: "Penalties shall be proportioned to the character and degree of the offence."' Syllabus point 8, *State v. Vance*, 164 W.Va. 216, 262 S.E.2d 423 (1980)." Syl. Pt. 4, in part, *State v. Booth*, 224 W. Va. 307, 685 S.E.2d 701 (2009). We apply two tests to evaluate the proportionality of a sentence. "The first is subjective and asks whether the sentence for the particular crime shocks the conscience of the court and society. If a sentence is so offensive that it cannot pass a societal and judicial sense of justice, the inquiry need not proceed further." *State v. Cooper*, 172 W. Va. 266, 272, 304 S.E.2d 851, 857 (1983). The second is an objective inquiry, requiring us to give consideration "to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction." *Id.* (quoting Syl. Pt. 5, *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 276 S.E.2d 205 (1981)). Having considered Mr. Bird's sentence under each of these tests, we find that the circuit court did not err in sentencing.[2]

---

[2] When considering these principles, we are additionally mindful that "'[w]hile our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence.' Syllabus point 4, *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 276 S.E.2d 205 (1981)." *State v. Booth*, 224 W. Va. 307, 308, 685 S.E.2d 701, 703, Syl. Pt. 3. Mr. Bird was sentenced for his convictions of aggravated robbery, a crime for which there is no statutory maximum.

Mr. Bird was twenty-nine years old when sentenced in 2016, and he disputes the circuit court's characterization of his criminal history as "significant." Having independently reviewed Mr. Bird's presentence investigation report, we agree that his criminal history is comprised largely of misdemeanor offenses and traffic violations. We do not, however, disagree with the circuit court's description that it is "significant." Prior to the robbery charges to which Mr. Bird pled, he accumulated no fewer than twenty criminal charges. More importantly, we agree with the circuit court that the events of 2015 showed a dramatic and concerning escalation in Mr. Bird's conduct. The robberies to which Mr. Bird pled occurred within days of one another, and though the robberies appeared to be propelled by significant addiction, it is also apparent that Mr. Bird did not act on spontaneous impulses. Not only did he act in concert with others, but he also, for example, purchased the machete for the first robbery four days before committing the robbery. Moreover, the presentence investigation report describes a third robbery (for which Mr. Bird was not charged) that occurred close in time to the others. The presentence investigation report further showed that Mr. Bird reported that he began using drugs at a young age, that he began to use them intravenously in 1999, and that he had been using drugs (including heroin, "crank," and various narcotics) almost continuously since that time. This admission, coupled with the uncontroverted evidence that the robberies to which Mr. Bird pled were violent and drug-fueled, provides a substantial basis for the sentence imposed by the circuit court. When considering these details under the subjective test, we do not find that the sentence shocks the conscience. Furthermore, Mr. Bird addresses the objective test only tersely. Though he offers *State v. Buck*, 173 W. Va. 243, 314 S.E.2d 406 (1984) and *State v. Cooper*, 172 W. Va. 266, 304 S.E.2d 851 (1983) as supporting precedent, he acknowledges that the appellants in those cases had, respectively, no criminal history as an adult or only one prior arrest. He additionally acknowledges that the *Cooper* appellant used no weapon in the commission of his crime. As detailed above, these circumstances are not comparable to those of Mr. Bird. We find no error.

We turn to Mr. Bird's second assignment of error, in which he argues that his counsel was ineffective. He argues several bases to support this assignment, but his primary focus is on his assertion that his counsel failed to challenge the validity of a confession that he gave to officers investigating the robberies. Because the confession was left unchallenged, Mr. Bird argues that circumstances "basically forced him into the plea agreement," which, he argues, was not adequately explained to him. This matter is before us on Mr. Bird's direct appeal of his re-sentencing order. We have explained:

> It is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim.

Syl. Pt. 10, *State v. Triplett*, 187 W. Va. 760, 421 S.E.2d 511 (1992). Mr. Bird has offered no reason that this is among the rare cases in which we would consider his claim of ineffective assistance of counsel on direct appeal and we, therefore, decline to do so. Nevertheless, having reviewed Mr. Bird's plea colloquy, wherein he repeatedly assured the circuit court that he was

satisfied with his representation, we offer Mr. Bird the caution that he faces a substantial hurdle to develop evidence that would persuade a habeas court that his counsel did not adequately represent his interests.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 13, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn